HALLIDAY and others *v.* COVEL.[1]

*(Circuit Court, N. D. Illinois.* March 22, 1886.)

1. PATENTS FOR INVENTIONS—INFRINGEMENT—SAW-SHARPENING MACHINES.

Claims 12, 13, and 14, of reissued letters patent No. 10,252, granted December 5, 1882, and the fourth claim of patent No. 254,869, granted March 14, 1882, for improvements in saw-sharpening machines, construed, and *held* infringed.

2. SAME—EQUIVALENTS.

The only defense in this case was non-infringement; and while it was true that defendant's mechanism was not an exact copy or reproduction of the patented machines, and there was a noticeable display of ingenuity and skill in an attempt to evade the patent, *held*, that defendant's mechanism worked out the same result as complainants', and by substantially the same means, using equivalent parts to perform the functions performed by the complainants' construction.

In Equity.

*G. L. Chapin*, for complainants.

*Pliny B. Smith*, for defendant.

BLODGETT, J. Complainant, by this bill, seeks an injunction and accounting for the alleged infringement of reissued patent No. 10,-252, granted December 5, 1882, to complainant, as assignee of W. L. Covel, for "an improvement in saw-sharpening machines," and patent No. 254,869, granted March 14, 1882, to William H. Halliday, for "an improvement in saw-sharpening machines." As to the reissued patent, the original was granted May 11, 1876, but the infringement is only alleged as to claims 12, 13, and 14 of the reissue, which are substantially the claims found in the original patent.

As to the Halliday patent, No. 254,869, infringement only of the fourth claim is charged. The bill in terms also charges the infringement of patent No. 222,386, granted December 9, 1879, to W. L. Covel, and assigned to complainant; but this charge in the bill was not pressed, and no claim was made under it at the hearing. Both patents in controversy pertain to machines for sharpening saws, in which the saw and the grinding wheel are brought in contact automatically. It is shown by the proof that saw-sharpening machines were used before any of these devices were invented; but it is contended by complainant that a difficulty was encountered in all the older machines from the fact that as the teeth in the same saw are not of equal length, therefore no reliable automatic adjusting feed had been obtained be-

---

[1] Edited by Charles C. Linthicum, Esq., of the Chicago bar.

fore the Covel patent, and that the chief merit of this device is in overcoming this difficulty, and in making a mechanism which shall automatically sharpen the teeth of the saw, without further attention, by bringing the teeth in contact with the grinding wheel. The chief feature of the Covel device is the latch-feed, by which the pawl or dog-feed acts upon the tooth of the saw next after the one to be ground, to bring the tooth to be ground in contact with the grinding wheel, and the claims of the patent in controversy here all refer to this feature of the mechanism, and the parts by which it is operated. These claims are:

"(12) The combination of the latch-feed, $i$, and screw-threaded pivoted bolt, $c$, and a suitable guide, as shown, and for the purpose described. (13) The combination of a sliding-block and screw-rod, $d$, lever, $e$, piston, $f$, and crank-shaft, $g$, as and for the purpose set forth. (14) The combination of a latch-feed with a pivoted lever, $j$, pitman $k$, rock-shaft, $o$, crank $m$, $m$, tappet, $p$, and crank, $l$, as and for the purpose described."

The special features of the Halliday patent, No. 254,869, are an oscillating device which operates, with a tilting frame, to bevel the edges of the saw-teeth during the sharpening process, and a continuous cam, which co-operates with the tilting frame, and the oscillating support to the grinding wheel, to secure the movement by which the beveling is done. The claim of this patent in controversy is the fourth, which is as follows:

"(4) The tilting frame, 2, 3, 4, and $m$, in combination with the continuous cam, $i$, a supporting frame, 16, and $m$, a wheel, $f$, with the feed devices, $s$, $r$, $t$, and $x$, as and for the purpose specified."

The only defense relied upon is non-infringement. After careful consideration of the proofs, I am satisfied that the defendant's machine embodies in its construction and mode of operation the principle of the reissued Covel patent as to its feeding device, and the Halliday patent as to its mechanism for tilting the grinding wheel. It is true the defendant's mechanism is not an exact copy or reproduction of the machines described in the patent. There is, in fact, as there often is in infringing machines, a noticeable display of ingenuity or skill in attempting to evade the complainants' patent, but the defendant's mechanism works out the same result as the complainants', and by substantially the same means, using equivalent parts to perform the functions performed by the elements of the complainants' construction.

There may be a decree prepared finding the defendant infringes the two patents as charged, and for an accounting.